

faegredrinker.com

**John W. Fogarty**
john.fogarty@faegredrinker.com
+1 212 248 3245 direct

Faegre Drinker Biddle & Reath LLP
1177 Avenue of the Americas, 43rd Floor
New York, New York 10036
+1 212 248 3140 main
+1 212 248 3141 fax

August 6, 2025

**VIA ECF**

The Honorable LaShann DeArcy Hall, U.S.D.J.
U.S. District Court for the Eastern District of New York

Re:   *Panetta v. Walt Disney Parks and Resorts U.S., Inc.*, Case No. 25-cv-2045

Dear Judge DeArcy Hall:

We represent Defendant Walt Disney Parks and Resorts U.S., Inc. ("WDPR") in the above case. Pursuant to Your Honor's Individual Practices III.A.1., we request a pre-motion conference.

Plaintiff asserts a claim for negligence against WDPR. She seeks to recover for injuries she allegedly suffered when she fell at a resort in Florida owned by WDPR. She does not and cannot allege facts that could support a finding that WDPR is subject to personal jurisdiction. Also, Plaintiff failed to serve the complaint within 90 days as required by Rule 4(m). Therefore, WDPR intends to move to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction or, alternatively, for dismissal pursuant to Rule 4(m).

The plaintiff bears the burden of showing the court has jurisdiction over the defendant. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). To survive a Rule 12(b)(2) motion to dismiss, the plaintiff must make a *prima facie* showing that the court has jurisdiction over the defendant. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981). A plaintiff can make that showing only through "an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction." *Robertson-Ceco*, 84 F.3d at 567 (alteration in original) (quoting *Ball v. Metallurgie Hoboken-Overpelt*, S.A., 902 F.2d 194, 197 (2d Cir. 1990)). A plaintiff's allegations "are generally accepted as true, except where the 'defendant rebuts . . . unsupported allegations with direct, highly specific, testimonial evidence regarding a fact essential to jurisdiction—and [a plaintiff does] not counter that evidence.'" *Doe v. Nat'l Conf. of Bar Examiners*, 2017 WL 74715, at *4 (E.D.N.Y. Jan. 6, 2017) (quoting *Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 420 S.D.N.Y. 2006). "In such a case, 'the allegation may be deemed refuted.'" *Id.* (quoting *Merck*, 425 F. Supp. 2d at 420).

The personal jurisdiction inquiry involves two parts. First, the court must determine if jurisdiction exists under state law. *See Luke v. Sunwing Travel Grp.*, No. 20CV6141PKCCLP, 2022 WL 595133, at *2 (E.D.N.Y. Feb. 28, 2022). If so, the court must then determine if the exercise of personal jurisdiction "comports with due process protections established under the Constitution." *Eades*, 799 F.3d at 167–68.

Jurisdiction can be either "general ('all-purpose')" or "specific (also called 'case-linked')." *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). "General personal jurisdiction in New York is governed by Civil Practice Law and Rules, Section 301, which allows a court to exercise 'such jurisdiction over persons, property, or status as might have been exercised heretofore.'" *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 498 (2d Cir. 2020) (quoting N.Y. C.P.L.R. § 301). With respect to specific jurisdiction, New York law allows jurisdiction over a defendant who "(1) 'transacts any business within the state or contracts anywhere to supply goods or services in the state'; (2) 'commits [certain] tortious act[s] within the state'; (3) 'commits [certain] tortious act[s] without the state causing injury to person or property within the state'; or (4) 'owns, uses or possesses any real property situated within the state,'" *Luke*, 2022 WL 595133, at *2 (quoting N.Y. C.P.L.R. § 302(a)), but only if the plaintiff's "cause of action aris[es] from" these contacts, N.Y. C.P.L.R. § 302(a).

Under the Constitution, general jurisdiction can exist only if a corporate defendant's connections with the forum are "so 'continuous and systematic' as to render [it] essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Only a "limited set of affiliations" render a corporation "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The Supreme Court analogized the "at home" test to determining a person's domicile: "[F]or a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear*, 564 U.S. at 924. "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler*, 571 U.S. at 137 (citation omitted) (alteration in original).

The Supreme Court has "not foreclose[d] the possibility that in an exceptional case a corporation's operations in a [different] forum . . . may be so substantial and of such a nature as to render the corporation at home in the State." *Daimler*, 571 U.S. at 139 n.19 (citation omitted). But "it is 'incredibly difficult to establish general jurisdiction [over a corporation] in a forum *other* than the place of incorporation or principal place of business.'" *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016) (quoting *Monkton Ins. Servs., Ltd v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)) (alterations in original). *See also Brown*, 814 F.3d at 627 ("*Daimler* established that, except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business—the 'paradigm' cases.").

The *Daimler* Court cited *Perkins v. Benguet Consol. Mining Co.*, 342 U. S. 437 (1952) as an example of the type of extreme facts that would be necessary to potentially warrant deviating from the general rule that a corporation is subject to general jurisdiction only in a state in which it is incorporated or has its principal place of business. *See Daimler*, 571 U.S. at 139 n.19. In *Perkins*, the defendant was incorporated in the Philippines, where it operated mines. *Perkins*, 342 U. S. at 448. When Japan occupied the Philippines during World War II, the company ceased operations in the Philippines and its president moved to Ohio, where he kept an office, maintained the company's files, and oversaw the company's wartime activities. *Id.* The *Perkins* Court held that the company was subject to general jurisdiction in Ohio.[1]

In order for specific jurisdiction to exist, the Constitution has two requirements. First, the defendant must "must take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). Second, the plaintiff's claims "'must arise out of or relate to the defendant's contacts' with the forum." *Id.* (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of*

---

[1] *Perkins* did not actually deviate from the general rule. The result in *Perkins* was dictated by the fact that "Ohio was the corporation's principal, if temporary, place of business." *Keeton v. Hustler Magazine, Inc.*, 465 U. S. 770, 780 n. 11 (1984).

*California, San Francisco Cty.*, 582 U.S. 255, 262 (2017)). For the contacts to satisfy the second requirement, there must be "a strong relationship among the defendant, the forum, and the litigation." *Id.* at 365.

Plaintiff cannot sustain her burden of showing that WDPR is subject to general jurisdiction because WDPR is not in any sense "at home" in New York. WDPR is a Florida corporation with its principal place of business in Florida. WDPR's business activities consist of the ownership, operation, and management of themed entertainment parks, resorts, and related facilities located in Florida and California. WDPR will submit evidence that shows that WDPR is not qualified or registered to do business in New York; does not have any offices or places of business in New York; does not have any employees, officers, or directors in New York; owns no real estate in New York, and has not appointed an agent for service of process in New York. Because WDPR engages in no significant activity, this is not an "exceptional case" that might warrant deviating from the general rule that general jurisdiction over a corporation exists only in a state where the corporation is incorporated or has its principal place of business.

Specific jurisdiction is likewise absent. There is no "purposeful availment" because WDPR does not have contacts with New York that show the WDPR took a deliberate act reaching out to do business there. And, naturally, Plaintiff's claims do not arise out of or relate to any such contacts. Again, Plaintiff alleges she was injured in Florida by WDPR's negligence in Florida. Thus, there is not a strong relationship among WDPR, New York, and Plaintiff's claim. Abundant analogous case law supports WDPR's position. *See, e.g., Christie v. Hyatt Corp.*, 2024 WL 2387513, at *4 (E.D.N.Y. May 23, 2024) (explaining that "Courts in the Second Circuit considering similar facts—tort claims brought against hotel or resorts companies premised on injuries outside the state—consistently dismiss for lack of specific personal jurisdiction" and citing cases).

Alternatively, the Court should dismiss the complaint pursuant to Rule 4(m) because Plaintiffs did not serve WDPR until July 21, 2025, more than 90 days after plaintiff filed the complaint on April 11, 2025. *See Joe Hand Promotions, Inc. v. Necessary Studios, Inc.*, Case No. 21-CV-551 (LDH) (RER) (Dec. 22, 2022 Order adopting report and recommendation, 2022 WL 18858972, at *10 (E.D.N.Y. Dec. 5, 2022)) (DeArcy Hall, J.).

For these reasons, WDPR respectfully requests a pre-motion conference regarding its anticipated motion to dismiss for lack of personal jurisdiction.

Respectfully submitted,

/s/ *John W. Fogarty*
John W. Fogarty