

**LAW OFFICES OF**
# PANETTA AMINOV, PC

**250 CARLETON AVENUE**  **TEL: 631-446-4411**
**EAST ISLIP, NY 11730**  **FAX: 631-446-4477**

November 6, 2025

Hon. LaShann DeArcey Hall USDJ
U.S. District Court for the Eastern District of New York

     **RE:    PRO SE - PANETTA V. DISNEY / 25-CV-2045**
            **OPPOSITION TO PRE-MOTION REQUEST**

Your Honor:

It was a misunderstanding that the office of your undersigned would file a response to the pre-motion application of the Defendants in this matter. We thought that the court dashed the hopes of the Defendant to dismiss this matter for lack of jurisdiction. That may have been an error as I just had a talk with Defense counsel and he advised me that the court wanted me to do so---to make a motion to the court, in spite of the fact that the court stated it was not dismissing the matter based on jurisdiction. I opened the lines of communication and have attempted to do so many times. I never got a call back or any courtesy calls from the defendants until today, when I suspect I caught an associate off-guard and called him via his firms names directory.

Please accept our response to the Defendants jurisdictional objections, albeit late.

Courts also have the discretion to extend the service deadline even without a showing of good cause. This discretionary power may be influenced by factors like whether the statute of limitations would prevent refiling, if the defendant was aware of the claims, if the defendant attempted to hide defects in service, or if an extension would prejudice the defendant.

The Plaintiff would simply request a *nunc pro tunc* extension.

<u>In Personum Jurisdiction</u>

General jurisdiction focuses on the defendant's ==substantial presence== in the State irrespective of the location of the challenged conduct. The plaintiff bears the burden of showing the court has jurisdiction over the defendant. In *Metro. Life Ins. Co. v. Robertson-Ceco Corp.,* (relied upon by the Defendant) 84 F.3d 560, 566 (2d Cir. 1996) claims arose out of any business conducted by Robertson in Vermont---a very small corporation. Plaintiff failed to demonstrate that Robertson had a substantial and continuous presence in Vermont justifying the exercise of personal jurisdiction. There were quite a few other problems with discovery, which are not relevant. Here, we are talking about Disney, one of the largest company's in the world, bombarding New Yorker's with Disney advertisements for the Park and for the Disney cruises and coming into the Panetta household continuously from AM to PM by way of the Disney channel and PJ Masks, Super Kitties, Goosebumps, Disney Plus and when that's running, the

constant commercials for Disney designed to have children request their parents book a trip to the theme park. This is not *Robertson-Seco Corp*. Far from it.

None of the cases that the Defense cites bears any resemblance to the Disney Corporations continuous presence and marketing to New Yorkers and indeed, their presence on television, youtube.com and the internet, everywhere. "We have noted several reasons why a forum legitimately may exercise personal jurisdiction over a nonresident who "purposefully directs" his activities toward forum residents. A State generally has a "manifest interest" in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors. **2183 *Id.,* at 223, 78 S.Ct., at 201; see also *Keeton v. Hustler Magazine, Inc., supra,* 465 U.S., at 776, 104 S.Ct., at 1479. Moreover, where individuals "purposefully derive benefit" from their interstate activities, *474 *Kulko v. California Superior Court,* 436 U.S. 84, 96, 98 S.Ct. 1690, 1699, 56 L.Ed.2d 132 (1978), it may well be unfair to allow them to escape having to account in other States for consequences that arise proximately from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed. And because "modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity," it usually will not be unfair to subject him to the burdens of litigating in another forum for disputes relating to such activity. *McGee v. International Life Insurance Co., supra,* 355 U.S., at 223, 78 S.Ct., at 201." Burger King Corp v. Rudzewicz 471 US 462

*Daimler* (although examining foreign corporations and not necessarily domestic ones) advised that "the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts," but "instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." Aybar v. Aybar 169 AD 3D 137 (AD 2d Dept. 2019) citing *Daimler AG v. Bauman* 571 US 127. Plaintiff, therefore, take the position that the substantial presence and purposeful direction of Disney towards New Yorkers makes it unfair for them to escape Long Arm Jurisdiction.

Very truly yours,

Frank C. Panetta, Esq.
Partner
PANETTA AMINOV, PC

**250 Carleton Avenue** (no suite #)
**East Islip, NY 11730**
Office: 631-446-4411
Mobile: 516-398-2714

Cell: 516-398-2714
email: Frank@palawpc.com