

**John W. Fogarty**
john.fogarty@faegredrinker.com
+1 212 248 3245 direct

faegredrinker.com

Faegre Drinker Biddle & Reath LLP
1177 Avenue of the Americas, 43rd Floor
New York, New York 10036
+1 212 248 3140 main
+1 212 248 3141 fax

November 6, 2025

**VIA ECF**

The Honorable LaShann DeArcy Hall, U.S.D.J.
U.S. District Court for the Eastern District of New York

Re: *Panetta v. Walt Disney Parks and Resorts U.S., Inc.*, Case No. 25-cv-2045

Dear Judge DeArcy Hall:

      We represent Defendant Walt Disney Parks and Resorts U.S., Inc. ("WDPR") in the above case. We write in response to the two letters Plaintiff filed with the Court today, which are replete with misrepresentations. *See* ECF Nos. 12, 13.

      The substance of Plaintiff's first letter does not address the issue raised in WDPR's letter to the Court regarding Plaintiff's failure to prosecute this case [ECF No. 11] and, therefore, does not warrant a response.[1] But Plaintiff's first letter falsely alleges that counsel for WDPR "expressed anger and frustration at the court's unwillingness to dismiss the case based on venue" and that counsel for WDPR ignored attempts by Plaintiff to speak. Those things never happened. WDPR's counsel never spoke with Plaintiff's counsel about the Court's purported "unwillingness to dismiss the case based on venue." Indeed, the Court has never been asked to dismiss the case based on venue and never expressed an unwillingness to do so.

      Further, counsel for WDPR has spoken to Plaintiff's counsel on multiple occasions. Prior to today, Plaintiff's counsel's last communication to WDPR's counsel, which occurred on August 29, 2025, indicated that Plaintiff was going to re-file this case in Florida.

      In Plaintiff's second letter, Plaintiff states that the Court "stated it was not dismissing the matter based on jurisdiction." That is also false. The Court never made such a statement. WDPR *did* file a letter requesting a pre-motion conference indicating that WDPR intended to move to dismiss the action for lack of personal jurisdiction, but the Court never expressed an unwillingness to dismiss this case on that basis. Indeed, there was never even a pre-motion conference because

---

[1] Plaintiff's letter discusses the fact that she never served initial disclosures, despite the fact that the Court ordered the parties to do so by August 29, 2025. While it is true that Plaintiff failed to timely serve her initial disclosures, that was not the subject of WDPR's letter to the Court. It is noteworthy that, after Plaintiff filed her first letter with the Court, she served "disclosures" that state that the names of individuals likely to have discoverable information "are not presently known to Plaintiff." Exhibit A. Even if Plaintiff had served good faith disclosures today, Plaintiff would be more than two months late, despite timely receiving WDPR's Rule 26 disclosures. This underscores that Plaintiff has completely failed to prosecute her claim.

Plaintiff never filed a response to WDPR's letter requesting the conference, despite the Court explicitly ordering Plaintiff to do so twice. Thus, there is no conceivable basis for Plaintiff's representation that the Court "dashed the hopes of the Defendant to dismiss this matter for lack of jurisdiction."

Plaintiff's second letter also states that he "never got a call back" from Defendant's counsel until today. That, too, is false. Again, Defendant's counsel has spoken to Plaintiff's counsel on multiple occasions. Defendant's counsel has *always* returned Plaintiff's counsel's calls.

Finally, to the extent Plaintiff's second letter attempts to respond to the substance of the personal jurisdiction arguments Defendant's letter requesting a pre-motion conference, the attempt is not serious and does not merit a response from Defendant. Defendant stands on the arguments in its letter requesting a pre-motion conference.

Respectfully submitted,

/s/ *John W. Fogarty*
John W. Fogarty