

LAW OFFICES OF
# PANETTA AMINOV, PC

250 CARLETON AVENUE  
EAST ISLIP, NY 11730

TEL: 631-446-4411  
FAX: 631-446-4477

November 11, 2025

Hon. LaShann DeArcey Hall USDJ  
U.S. District Court for the Eastern District of New York

     RE:    **PRO SE - PANETTA V. DISNEY / 25-CV-2045**  
             **PLAINTIFF RETRACTING PRIOR STATEMENT**  
             ***NUNC PRO TUNC* ENLARGEMENT REQUEST**

Judge:

     I previously filed a correspondence apologizing for falling behind in my own (and my wife's) personal matter in our discovery timetable. I believe the matter is now back on track.

     I have to retract a prior correspondence wherein I stated that Defendants did not provide their Rule 26 exchange. After counsel was finished scolding me and insulting me, he was able to give me the date I received his Rule 26 disclosure in an email. I was able to locate it in my email that way. Therefore, it was my genuine mistaken belief in indicating that my firm didn't get the Defendants Rule 26 disclosure. We do prefer hardcopies over emails, but I did apparently receive the Rule 26 disclosure.

     Plaintiffs provided Defendants reciprocal Rule 26 exchange, as well as the first set of interrogatories.

     Notwithstanding, Plaintiffs humbly continues our request *a nunc pro tunc* enlargement based on the reasons stated in the correspondence earlier yesterday, and in addition, my victim/plaintiff wife, Kimberly Panetta, reminded me that both she and my nine-year-old son were a victim of a crime, causing me to shift in focus to that matter---not an excuse, simply an error I'm hoping to court can allow me to recover from. My wife and son were recorded at various stages of undress in a Northwell sleep study. Again, not an excuse, just matter-of-factly stating a headwind that pulled my attention from our pro-se matter. I erred in failing to calendar this and it became something of a neglected file for these few months. Apologies. Not that it matters, but this happens to me as well, and I just filed a request with Judge Tiscione, that he sanction Nassau County for failure to return calls or participate in depositions. However, unlike in this case, I have reached out repeatedly to Nassau County. We did not get any calls or correspondence from Disney requesting/complaining we owe discovery.

     I have not abandoned the matter and I have served my initial Rule 26 disclosures and interrogatories. We will keep the matter on track should the court be so kind as to give us an extension of time. I can expedite the rest of the matter. I mean no disrespect to the court.

     In addition, *we are still somewhat stunned, as we made a very modest to the defendants—*

*for their negligence (and they are negligent), and asked them to fix the dangerous condition at Disney, but counsel balked*.

Disney is in fact <u>negligent</u>. I just wanted to remind counsel and this court, that the baby pool/slide is subjected to massive Typhoon wave that hits mothers of small children ----without a barrier wall for protection. My wife was knocked approximately fifteen feet by one such massive wave (in the baby pool), our vacation was ruined and my wife bled from numerous open wounds on her lovely legs and ankles are scarred. Counsel was very insulting and said we wanted "free money".

I think counsel is poorly advising his client and we are prepared to procure experts and engineers to prove our matter. We have the resources to do so and will do so. Counsel should reconsider what he is advising his client about the case. They are making a grave miscalculation.

Thank you very much for the Court's consideration.

Yours very truly,

*Frank C. Panetta*

FRANK C. PANETTA, ESQ.